UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JUAN DIEGO COROSO BORJA,

        Petitioner,

v.

KEVIN RAYCRAFT et al.,

        Respondents.

_____/

Case No. 1:26-cv-1173

Hon. Hala Y. Jarbou

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## **Discussion**

### I.    **Procedural History**

On March 6, 2026, Petitioner filed a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Eastern District of Michigan. (Pet., ECF No. 1.) In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner or to provide Petitioner with a bond hearing under § 1226. (Pet., ECF No. 1, PageID.15–16.)

In an order entered on March 19, 2026, the Eastern District of Michigan ordered Respondents to respond to the petition by April 8, 2026. (Order, ECF No. 3.) Respondents filed

their response on April 8, 2026, (ECF No. 4), and the following day, April 9, 2026, the Eastern District of Michigan transferred the action to this Court, (ECF No. 5). On April 13, 2026, Petitioner filed his reply, (ECF No. 8.)

In Respondents' response, they indicated that on February 10, 2026, an Immigration Judge ordered that Petitioner be removed to Honduras. (Resp., ECF No. 4, PageID.31.) Respondents attached a copy of the Immigration Judge's removal order as an exhibit, and the removal order indicated that Petitioner had until March 12, 2026, to appeal the order of removal to the Board of Immigration Appeals (BIA). (Order Immigration Judge, ECF No. 4-5, PageID.62.) In Respondents' response and Petitioner's reply, the parties did not indicate whether Petitioner had appealed the order of removal to the BIA by the March 12, 2026, deadline. Therefore, in an order entered on April 21, 2026, the Court directed Respondents to submit a written response indicating whether Petitioner appealed the February 10, 2026, order of removal to the BIA, and the Court provided Petitioner with the opportunity to file a reply within one business day of Respondents' filing. (ECF No. 9.) On April 22, 2026, Respondents filed a notice indicating that "Respondents' records show no appeal." (Notice, ECF No. 10.) Later that same day, Petitioner filed a reply stating that "no timely appeal from the February 10, 2026 order of removal was filed with the BIA by the March 12, 2026 appeal deadline," and indicating that counsel for Petitioner "ha[d] filed today with the BIA the following: a Motion to Accept Late Appeal(s), Equitably Toll the Appeal Deadline, Consolidate the Appeals, and Accept the Enclosed Appellate Brief, together with a proposed appeal brief." (Reply Notice, ECF No. 11, PageID.26.)

## II.    Relevant Factual Background

Petitioner is a native and citizen of Ecuador. (Pet., ECF No. 1, PageID.5; Notice to Appear (NTA), ECF No. 4-2, PageID.54.) Petitioner entered the United States in December 2023 without inspection. (NTA, ECF No. 4-2, PageID.54.) After Petitioner entered the United States,

Department of Homeland Security (DHS) agents encountered Petitioner, and at that time, DHS issued Petitioner a Form I-862, NTA, charging Petitioner with inadmissibility under § 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA). (*Id.*) DHS then released Petitioner into the United States on his own recognizance "[i]n accordance with section 236 of the [INA]," which is codified at 8 U.S.C. § 1226. (Order Release Recognizance, ECF No. 4-3.)

On December 8, 2025, ICE arrested Petitioner when he attended a scheduled ICE check-in appointment. (2025 Form I-213, ECF No. 4-4.) On February 10, 2026, the Detroit Immigration Court ordered that Petitioner be removed to Honduras. (Feb. 10, 2026, Order Immigration Judge, ECF No. 4-5.) Petitioner had until March 12, 2026, to timely appeal the removal order to the BIA (*id.*, PageID.62), and Petitioner did not file a timely appeal. (Notice, ECF No. 11; Reply Notice, ECF No. 12.) On April 22, 2026, counsel for Petitioner filed "with the BIA the following: a Motion to Accept Late Appeal(s), Equitably Toll the Appeal Deadline, Consolidate the Appeals, and Accept the Enclosed Appellate Brief, together with a proposed appeal brief." (Reply Notice, ECF No. 11, PageID.26.) There is no indication in the record presently before the Court that the BIA has accepted Petitioner's untimely appeal.

### III.    Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

### IV.    Merits Discussion

As noted above, on February 10, 2026, the Detroit Immigration Court ordered that Petitioner be removed to Honduras. (Feb. 10, 2026, Order Immigration Judge, ECF No. 4-5.) Petitioner had until March 12, 2026, to timely appeal the removal order to the BIA (*id.*, PageID.62), and Petitioner did not file a timely appeal. (Notice, ECF No. 11; Reply Notice, ECF No. 12.) Following the expiration of Petitioner's appeal period, Petitioner's order of removal became administratively final, and at that time, Petitioner's detention became governed by 8 U.S.C. § 1231. *See* 8 U.S.C. § 1101(a)(47)(B) (setting forth that for the purposes of 8 U.S.C. § 1231(a)(1)(B)(i), a removal order "shall become final upon the earlier of (i) a determination by the Board of Immigration Appeals affirming such an order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals"). Although counsel for Petitioner indicates that counsel filed a motion with the BIA on April 22, 2026, asking the BIA to accept Petitioner's untimely appeal (Reply Notice, ECF No. 11, PageID.26), there is no indication in the present record that the BIA has accepted Petitioner's untimely appeal. Under these circumstances, based on the record that is presently before the Court, as of March 13, 2026, the day after the expiration of Petitioner's timely appeal period, Petitioner's order of removal became administratively final, and his detention became governed by 8 U.S.C. § 1231. *See Akhmedov v. Noem*, No. 1:26-cv-377, 2026 WL 642997 (W.D. Mich. Mar. 9, 2026); *cf. Salmeron v. Baltasar*, No. 26-cv-00846-NYW, 2026 WL 776111, at *3 (D. Colo. Mar. 19, 2026) (discussing, in the context of the termination of removal proceedings, that the Immigration Judge's termination order "will become final only '[i]f the BIA ultimately rejects DHS's late filing,'" meaning that the petitioner's removal proceedings would remain pending and his detention remained governed by § 1226 until the late appeal by DHS was rejected by the BIA (alteration in original)).

Section 1231 of Title 8, titled, "Detention and removal of aliens ordered removed," provides in relevant part that, "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')," 8 U.S.C. § 1231(a)(1)(A), and that "[d]uring the removal period, the Attorney General shall detain the alien." *Id.* § 1231(a)(2)(A).

Here, based on the record before the Court, Petitioner is within the 90-day removal period during which Petitioner is subject to mandatory detention. *See id.* § 1231(a)(1)(A); *see also id.* § 1231 (a)(2)(A). Accordingly, because Petitioner is within the 90-day removal period, as set forth in 8 U.S.C. § 1231, the Court will deny without prejudice Petitioner's § 2241 petition, in which Petitioner asks for a bond hearing under § 1226.[1]

### Conclusion

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: April 23, 2026                          /s/ Hala Y. Jarbou
                                               HALA Y. JARBOU
                                               CHIEF UNITED STATES DISTRICT JUDGE

---

[1] If Petitioner's circumstances change, Petitioner is free to file a *new* § 2241 petition challenging his detention.